FRANK J. LEOU, M.D., P.A., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Frank J. Leou, M.D., P.A. v. Commissioner
Docket No. 8271-93
United States Tax Court
T.C. Memo 1994-393; 1994 Tax Ct. Memo LEXIS 402; 68 T.C.M. (CCH) 404; 94-2 U.S. Tax Cas. (CCH) P47,955; August 17, 1994, Filed *402 Decision will be entered for respondent. For petitioner: David J. Wood. For respondent: Edsel Ford Holman, Jr. and Robert B. Nadler. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] This case was submitted fully stipulated pursuant to Rule 122. Petitioner is an S corporation engaged in providing medical services. Its principal office was located in Little Rock, Arkansas, at the time the petition was filed. Petitioner timely filed its Federal income tax return, Form 1120S, for the taxable year 1988 with the Internal Revenue Service Center in Memphis, Tennessee. On February 10, 1993, respondent issued a notice of deficiency determining a deficiency in petitioner's 1988 Federal income tax and an addition *403 to tax under section 6653(a)(1) in the amounts of $ 7,567 and $ 378, respectively. Petitioner timely filed a petition in this Court. Petitioner is a cash method taxpayer, wholly owned by Frank J. Leou, M.D. Petitioner was originally incorporated in 1978 under the provisions of subchapter C, but it subsequently elected, pursuant to section 1362, to become an S corporation effective January 1, 1988. As of December 31, 1987, petitioner had accounts receivable totaling $ 134,429. During 1988, $ 100,822 was collected on these accounts. Had petitioner not made the subchapter S election, it would have had taxable income of $ 22,255. Respondent determined that the accounts receivable collected during the year represented "net recognized built-in gain" (NRBIG) for purposes of section 1374. Petitioner disagrees with this characterization. The parties stipulated that if this Court finds the collected accounts receivable represent NRBIG the amount of tax due is $ 7,567 as determined by respondent, and petitioner is liable for an addition to tax for negligence pursuant to section 6653(a)(1) in the amount of $ 378. Section 1374, as enacted in 1966, was designed to discourage subchapter *404 C corporations from making "one shot" subchapter S elections to pass anticipated capital gains through to shareholders. A corporation could avoid the capital gains tax, and its shareholders would be taxed at capital gains rates rather than ordinary dividend rates, courtesy of subchapter S. The tax effect prior to section 1374 was identical to that of a distribution of the corporation's assets in complete liquidation under former section 337; however, the assets remained in corporate solution. See S. Rept. 1007, 89th Cong., 2d Sess. 6 (1966), 1966-1 C.B. 527, 531. Section 1374 imposed a corporate-level tax on certain capital gains to reflect this unrealized appreciation. The Tax Reform Act of 1986 (TRA), Pub. L. 99-514, 100 Stat. 2085, included a concerted effort to repeal the doctrine of General Utils. and Operating Co. v. Helvering, supra; 296 U.S. 200 (1935), which permitted corporations to distribute appreciated property to its shareholders without recognizing gain. Cf. General Utils. and Operating Co. v. Helvering, supra; H. Rept. 99-426, 1986-3 C.B. (Vol. 2) 1, 274. Congress *405 felt that General Utils. created an unwarranted exception to the two-level taxation of corporate gain. H. Rept. 99-426, supra, 1986-3 C.B. (Vol. 2) at 274. As part of this effort, Congress expanded section 1374, making it applicable to all built-in gain, not just capital gain, recognized on the "disposition of any asset" within the 10-year "recognition period" following the conversion. Former sec. 1374(d)(2); see also H. Conf. Rept. 99-841 (1986), 1986-3 C.B. (Vol. 4) 1, 203. Following enactment of TRA, respondent announced that it would issue regulations defining "disposition of any asset" as including "other income-recognition events that effectively dispose of or relinquish the taxpayer's right to claim or receive income." Ann. 86-128, IR-51-128 (Dec. 22, 1986). Respondent used as an illustration "the collection of accounts receivable by a cash method taxpayer". Id. The regulations were not promulgated, as Congress chose to incorporate this idea into the statute by amendment. The Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, 102 Stat. 3342, 3403-3407, modified section 1374. *406 Section 1374, as amended, taxes an S corporation on its NRBIG, the net gain attributable to its prior existence under subchapter C which is recognized during the recognition period. Sec. 1374(a), (d)(2), (3). The tax is calculated by applying the highest rate of corporate tax to the NRBIG. Sec. 1374(b)(1). TAMRA also added subsection (d)(5)(A) to section 1374: (d) Definitions and Special Rules. -- For purposes of this section -- * * * (5) Treatment of Certain Built-In Items. -- (A) Income Items. -- Any item of income which is properly taken into account during the recognition period but which is attributable to periods before the 1st taxable year for which the corporation was an S corporation shall be treated as a recognized built-in gain for the taxable year in which it is properly taken into account.
The TAMRA amendment is effective retroactively to January 1, 1987, TRA's effective date. TAMRA, supra, sec. 1019(a), 102 Stat. 3593. The legislative history of TAMRA follows the language of Ann. 86-128, supra, specifically contemplating the application of section 1374 to "the collection of accounts receivable by a cash method taxpayer". H. Rept. 100-795, *407 at 63 (1988); S. Rept. 100-445, at 65 (1988); see also sec. 1.1374-4(b)(1), Proposed Income Tax Regs., 57 Fed. Reg. 57971, 57975 (Dec. 8, 1992) (NRBIG includes items of income that "would have been included in gross income before the beginning of the recognition period by a taxpayer using an accrual method"). As we see it, Congress extended section 1374 to prevent corporations from invoking subchapter S to eliminate the corporate tax on unrealized income at the time of the conversion. Petitioner has apparently overlooked section 1374(d)(5)(A) in maintaining that its receipt of payments on accounts receivable is not a disposition of a "built-in gain" item. While petitioner's position may have had some merit prior to the TRA and TAMRA amendments, it did not survive those legislative changes. It is clear to us that petitioner's collection of the accounts receivable falls within the scope of section 1374, and we sustain respondent's determinations. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩